U.S. DISTRICT COURT FOR THE WESTERN
DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FC NUTMEG, INCORPORATED, d/b/a )<br>INTEGRITY SPORTS MARKETING, )<br>MEDIA & MANAGEMENT )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JACK WARNER, CARIBBEAN )<br>FOOTBALL UNION, J.D. )<br>INTERNATIONAL )<br>)<br>    Defendants. ) | Case No. 3:04 CV 359-H<br>**JURY TRIAL DEMANDED** |

## MOTION TO DISMISS COMPLAINT
## FOR LACK OF PERSONAL JURISDICTION PURUSANT TO
## RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES the defendants, Jack Warner (hereinafter "Warner"), Caribbean Football Union (hereinafter "CFU") and J.D. International, by and through their attorneys, John P. Collins of the law offices COLLINS & COLLINS, and Christian R. Troy of the law offices of TROY & WATSON and hereby move this honorable court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure an Order dismissing the matter for lack of jurisdiction over the subject matter and person. In support of their Motion, the Defendants state as follows:

1. On or about April 19, 2004, the Plaintiff, FC Nutmeg Incorporated ("FC Nutmeg") filed the complaint (the "Complaint") alleging that Warner, CFU and JD International (collectively, the "Defendants") (a) breached an alleged agreement between the Plaintiff and Defendants and (b) engaged in unfair and deceptive trade actions by allegedly not fulfilling its alleged obligations under the alleged contract. The parties never reached an agreement and there is no written agreement.



2. The Complaint does not, and cannot, assert that any aspect of the alleged agreement occurred or was to occur in North Carolina. The subject matter of the alleged contract that was allegedly breached – the Caribbean broadcast rights for international soccer matches – all were to have occurred (and did occur) outside the State of North Carolina.

3. The Complaint contains no allegations to support the application of North Carolina law or providing a basis for jurisdiction in North Carolina.

4. The Complaint does not allege the applicability of any North Carolina long-arm statute.

5. The Complaint does not, and cannot, allege that the Defendants have had minimum contacts with North Carolina.

6. Defendant Jack Warner is a citizen and resident of Trinidad & Tobago. Mr. Warner has never been to the state of North Carolina, maintains no assets in North Carolina, conducts no business in North Carolina and has otherwise never taken any actions to avail himself to the laws of the State of North Carolina. Mr. Warner's only contact with the State of North Carolina is that he may have caused payments to be mailed to the Plaintiff in North Carolina and it is possible that Plaintiff may have "opened" email correspondence from Mr. Warner while the Plaintiff was in the State of North Carolina. See attached affidavit of Jack Warner which is incorporated herein.

7. CFU is an unincorporated non-profit association made up of the national football associations from the Caribbean countries that are members of FIFA, the world governing body of soccer. The CFU's principal place of business is in Port of Spain, Trinidad. The CFU has no offices in North Carolina and has transacted no business in North Carolina.

8. J.D. International is a Cayman Corporation, and its principal place of business is in Port of Spain, Trinidad. J.D. International does not maintain offices and has not transacted any business in North Carolina.

9. Neither Warner, CFU nor J.D. International have had minimum contacts with the State of North Carolina. They have not solicited business or investors nor conducted business in North Carolina. They do not maintain checking or saving accounts in the state of North Carolina, nor do they maintain any business files in North Carolina. They do not maintain any street or post office box numbers in North Carolina nor do they advertise their services to the residents of North Carolina through television ads, mass mailings, local newspapers or local magazines.

10. North Carolina General Statute section 1-75.4 sets forth the general grounds for personal jurisdiction. None of its provisions are applicable here. To wit, (1) none of the Defendants have a local presence or status in North Carolina; (2) the Plaintiff has not alleged any special jurisdictional statute; (3) none of the Defendants has engaged in an act or omission in North Carolina (4) the Defendants never solicited or conducted any services in North Carolina; (5) the Defendants never solicited the sale or sold and products in North Carolina; (6) the Defendants never promised to perform any services or to sell or deliver any products in North Carolina; (7) this case does not involve any property in North Carolina, personal or real; and finally, (8) it does not involve any of the actions or activities, things, or causes of actions outlined in paragraphs 7-12 of Section 1-75.4.

11. The Defendants have not had "minimum contacts" with the State of North Carolina. The Defendants did not negotiate the alleged agreement in North Carolina; the Defendants never engaged in business in North Carolina; they never offered any services or sold any products in North Carolina; they never maintained checking or other monetary accounts in North Carolina;

3

the Defendants never maintained or stored any business files or documents in North Carolina; they never registered, sold or attempted to sell any stock in North Carolina; the Defendants never solicited business or investors in North Carolina; they never advertised in North Carolina; they never maintained an office or post office box in North Carolina; all correspondence from Defendants came from outside North Carolina; and, the subject matter of the alleged contract – the Caribbean broadcast rights for international soccer matches – was never intended to, and did not, occur in North Carolina..

12. The Defendants never met with the Plaintiff – or anyone else – in North Carolina. Any meetings or conferences between the Plaintiff and the Defendants occurred outside North Carolina, for example, as alleged in the Complaint, Plaintiff and Defendant, Jack Warner, meet in Zurich, Switzerland and Port of Spain, Trinidad.

13. The Defendants' only "contact" with North Carolina is that some reimbursement checks may have been mailed to the Plaintiff in North Carolina and it is possible that the Plaintiff may have "opened" emails from the Defendants while in North Carolina. North Carolina courts, however, have found that such tenuous contacts do not constitute sufficient minimum contacts to create jurisdiction.

14. The Defendants never availed themselves of the right to conduct business in North Carolina.

15. There is no source or connection between the Plaintiff's alleged cause of action to any acts by the Defendants related to North Carolina

16. The Plaintiff has not provided any facts – other than the insufficient fact that the Plaintiff is a North Carolina corporation – to establish that North Carolina has any interest in exercising jurisdiction over this matter.

17. The convenience of the parties and the location of witnesses and evidence also support that jurisdiction rests in venues other than North Carolina. The only parties located in North Carolina are the Plaintiff and its attorney. The Defendants are located in Trinidad, as well as the majority of the witnesses, documents, officers and directors.

18. Thus, weighing the above factors, it is clear that the Defendants' have not had the constitutionally required "minimum contacts" with the State of North Carolina and to force the Defendants to litigate this matter in North Carolina would offend the traditional notions of fair play and substantial justice. Consequently, this Court should dismiss the Complaint for lack of jurisdiction.

WHEREFORE, Defendants pray that the matter be dismissed due to the court's lack of personal jurisdiction over the matter, and for such other and further relief as the court may deem proper under the circumstances.

Respectfully submitted,

By: _____
Christian R. Troy
TROY & WATSON, P.A.
301 McDowell Street
Suite 1014
Charlotte, North Carolina 28204
(704)334-8889
Attorney No.: 8064

John Collins
Collins & Collins
332 South Michigan Avenue
Suite 605
Chicago Illinois 60604
(312)663-4200

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Motion to Dismiss, Memorandum and Affidavit in Support thereof upon counsel of record by depositing a copy thereof in the United States mail in Charlotte, North Carolina, first class postage prepaid and addressed as follows:

M. Todd Sullivan
Attorney for Plaintiff
Womble Carlye Sandridge & Rice, PLLC
P.O. Box 831
Raleigh, NC 27602

This the 1st day of September, 2004.

_____
Christian R. Troy
TROY & WATSON
301 S. McDowell Street
Suite 1014
Charlotte, North Carolina 28204
(704)334-8889
Attorney No.: 8064

John Collins
Collins & Collins
332 South Michigan Avenue
Suite 605
Chicago Illinois 60604
(312)663-4200