U.S. DISTRICT COURT FOR THE WESTERN
DISTRICT OF NORTH CAROLINA
No. 3:04 CV 359-H

FC NUTMEG, INCORPORATED, d/b/a )
INTEGRITY SPORTS MARKETING, )
MEDIA & MANAGEMENT )
    Plaintiff, )
)
v. )
) JURY TRIAL DEMANDED
JACK WARNER, CARIBBEAN )
FOOTBALL UNION, J.D. )
INTERNATIONAL )
)
    Defendants. )

## DEFENDANTS' ANSWERS TO PLAINTIFF'S COMPLAINT AND DEFENDANTS' AFFIRMITIVE DEFENSE

NOW COMES the defendants, Jack Warner (hereinafter "Warner") Caribbean Football Union (hereinafter "CFU") and J.D. International, by and through its attorneys, John P. Collins of the law offices COLLINS & COLLINS, and Christian R. Troy of the law offices of TROY & WATSON, and for their answer to Plaintiff's Complaint for breach of contract, unfair and deceptive trade practices, and quantum merit states as follows:

### Summary of Action

1. Defendants deny the allegations contained in Paragraph 1.

2. Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 2, and therefore deny those allegations.

3. Defendants admit the facts contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4.

5. Defendants admit that Defendant Caribbean Football Union ("CFU") is a confederation of 25 football player national governing bodies in the Caribbean region

which is a subsection of CONCACAF and is headquartered in Port of Spain, Trinidad, WI. Defendants deny that CFU is controlled and administered by Defendant Jack Warner. Defendants deny that CFU is headquartered at Jack Warner's CONCACAF office. Defendants deny the remaining allegations contained in Paragraph 5.

## Background

6. Plaintiff's Complaint does not specify which Defendant allegedly performed these actions; however these Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 6, and therefore deny those allegations.

7. Defendants lack sufficient knowledge to form a belief as to the allegations concerning ISMM AGG ("ISMM") and the Caribbean Sports Network ("CSTN") and therefore deny those allegations. Defendants admit that the CFU purchased some broadcast rights from FIFA but deny the remaining allegations contained in Paragraph 7.

8. Defendants admit Millen acted as a consultant with respect to 2002 FIFA World Cup Korea/Japan but deny the remaining allegations contained in Paragraph 8.

9. Defendants admit that FC Nutmeg sent a team to Japan and Korea but deny the remaining allegations contained in Paragraph 9.

10. Defendants admit that a payment of $21,875 was paid to Plaintiff in July of 2002 and $4,500 was paid in January of 2003, but denies the remaining allegations contained in Paragraph 10.

11. Defendants agree that Spence G. Millen ("Millen") flew to Zurich, Switzerland on October 27, 2002 with Jack Warner but Defendants deny the remaining allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

### The Agreement for the 2003 FAEs

13. Defendants admit the facts contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 17, regarding Millen's correspondence and therefore deny those allegations but demand strict proof thereof. Defendants deny the remaining allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants admit that Millen traveled to events in France and Finland but deny the remaining allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

### Defendant's Failure to Perform Under Its Agreement

23. Defendants admit that Warner denied the existence of any contract between the parties. Defendants deny the remaining allegations contained in Paragraph 23.

### First Claim for Relief (Breach of Contract)

24. Defendants repeat and reallege its answers to Paragraphs 1 through 23 of the Answer as if fully set forth herein.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

### Second Claim for Relief (Unfair and Deceptive Trade Practices)

27. Defendants repeat and reallege its answers to Paragraphs 1 through 26 of the Answer as if fully set forth herein.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

### Third Claim for Relief (Quantum Merit)

34. 34. Defendants repeat and reallege its answers to Paragraphs 1 through 33 of the Answer as if fully set forth herein.

35. Defendants deny the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSE

NOW COMES the defendants, Jack Warner (hereinafter "Warner") Caribbean Football Union (hereinafter "CFU") and J.D. International, by and through its attorneys, John P. Collins of the law offices COLLINS & COLLINS, and Christian R. Troy of the law offices of TROY & WATSON, and for their Affirmative Defense to Plaintiff's Complaint states as follows:

### COUNT I
### LACK OF A VALID CONTRACT

1. There was no valid legally enforceable contract between Defendants and Plaintiff.

2. *"It is essential to the formation of any contract that there be mutual assent on both parties to the terms of the Agreement so as to establish a meeting of the minds." Creech v. Melnik, 347 N.C. 520 at 524 (1998).*

3. To constitute a valid contract, the parties *"must assent to the same thing in the same sense, and their minds must meet as to all terms. If any portion of the*

*proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement."* Boyce v. McMahan, 285 N.C. 730 at 732 (1974) quoting Croom v. Lumber Company, 182 N.C. 21.

4. In the instant case there was neither mutual assent nor a meeting of the minds between the involved parties.

5. Plaintiff has failed to present documentation or otherwise demonstrate mutual assent.

6. Furthermore significant portions of the alleged contract had no been settled including payment terms nor did Jack Warner, any of his representatives, or any party to be charged sign any contract with Plaintiff in regards to the matters subject to this suit.

WHEREFORE, the Defendants pray for judgment in their favor and against the Plaintiff for its cost of suit, and for such other relief as this court may deem proper.

Respectfully submitted,

By: *Christian R. Troy*
Christian R. Troy

Christian R. Troy
TROY & WATSON
301 McDowell Street
Suite 1014
Charlotte, North Carolina
(704)334-8889
Attorney No.:

John Collins
Collins & Collins
332 South Michigan Avenue
Suite 605
Chicago Illinois 60604
(312)663-4200

# CERTIFICATE OF SERVICE

I, Christian R. Troy, an attorney, hereby certify that on this date I served the forgoing **Defendants' Answer to Plaintiff's Complaint and Defendants' Affirmative Defense** upon counsel of record by depositing a copy thereof in the United States mail in Charlotte, North Carolina, first class postage prepaid and addressed as follows:

M. Todd Sullivan
WOMBLE CARLYLE SANDRIDGE & RICE,
Post Office Box 831
Raleigh, North Carolina 27602


This the _9th_ day of November, 2004.


TROY & WATSON

By: _____
Christian R. Troy
Attorney for Defendants


Christian R. Troy
301 South McDowell Street
Suite 1014
Charlotte, N.C. 18204
N.C. State Bar No. 8064

John Collins
Collins & Collins
332 South Michigan Avenue
Suite 605
Chicago Illinois 60604
(312)663-4200

U.S. DISTRICT COURT FOR THE WESTERN
DISTRICT OF NORTH CAROLINA
No. 3:04 CV 359-H

| | |
|---|---|
| FC NUTMEG, INCORPORATED, d/b/a ) <br> INTEGRITY SPORTS MARKETING, ) <br> MEDIA & MANAGEMENT ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACK WARNER, CARIBBEAN ) <br> FOOTBALL UNION, J.D. ) <br> INTERNATIONAL ) <br> ) <br> Defendants. ) | Case No. <br> JURY TRIAL DEMANDED |

## NOTICE OF FILING

To: M. Todd Sullivan
WOMBLE CARLYLE SANDRIDGE & RICE
Post Office Box 831
Raleigh, North Carolina 27602
(919) 755-2100

PLEASE TAKE NOTICE that on the 8th day of November, 2004 the undersigned caused to be filed with the Clerk of the Court of the United States District Court for the Western District of North Carolina, **Defendants' Answer to Plaintiff's Complaint and Defendants' Affirmative Defense**, a copy of which is attached hereto and hereby served upon you.

Christian Troy
One of Defendant's Attorneys

Christian R. Troy
Troy & Watson, P.A.
301 South McDowell Street, Suite 1014
Charlotte, North Carolina 28204
N.C. Bar No. 8064
John Collins
Collins & Collins
332 South Michigan Avenue
Suite 605
Chicago Illinois 60604
(312)663-4200